IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLINTON BROOKS JR., | ) | 4:11CV3114 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LINCOLN POLICE DEPARTMENT, | ) | |
| OFFICER SCHMIDT, #1610, In their | ) | |
| individual capacities, OFFICER | ) | |
| HITE, #1643, In their individual | ) | |
| capacities, and OFFICER | ) | |
| PICKERING, #1425, In their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on July 22, 2011. (Filing No. 1.) Plaintiff is not a prisoner and has been given leave to proceed in forma pauperis in this matter. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against four Defendants, the Lincoln Police Department, and three of its employees in their individual capacities only. (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that, on May 12, 2010, he visited Pinnacle Bank in Lincoln, Nebraska to withdraw $100.00. (*Id.*) The bank teller gave Plaintiff the $100.00 he requested, but the teller took the money from the account of another patron with the same name as Plaintiff. (*Id.* at CM/ECF pp. 1-2.) On May 14, 2010, Defendant Schmidt spoke with Pinnacle Bank and interviewed the victim, the bank teller, and other parties involved. (*Id.* at CM/ECF p. 1.) Based on these interviews, Defendants Schmidt and Hite spoke with Plaintiff, Plaintiff's stepdaughter, and Plaintiff's wife, and informed them that Plaintiff "was going to be

Arrested." (*Id.*)  Plaintiff then "left town to avoid being illegally arrested." (*Id.* at CM/ECF p. 2.)  On June 1, 2010, Plaintiff "turned himself in" and was cited for "fraud-impersonation" which was later amended to a charge of "Theft by Deception." The Lancaster County Attorney eventually dismissed the charges against Plaintiff. (*Id.*)

Plaintiff alleges that he "did nothing wrong" but that Defendant Schmidt "still continued to pursue an arrest." (*Id.*)  Plaintiff seeks "$5 MILLION" for violation of his rights under the U.S. Constitution.  (*Id.* at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

2

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges Defendants falsely arrested him for a crime he did not commit. (Filing No. 1.) As set forth by the Eighth Circuit:

> A false arrest occurs when there is a confinement without legal justification. . . . The unlawfulness of the restraint is a key element in a cause of action for false arrest. . . . A police officer who has probable cause to believe that a suspect has committed a crime is not liable for the state law tort of false arrest simply because the suspect is later proven innocent or the charges are dismissed. . . . An officer is empowered to make an arrest if he or she has reasonable grounds to believe that the person is guilty of the offense.

*Kurtz v. City of Shrewsbury*, 245 F.3d 753, 757 (8th Cir. 2001) (citations omitted). Moreover, "a false arrest claim under § 1983 fails as a matter of law where the officer had probable cause to make the arrest." *Id.* at 758. In determining whether probable cause exists, "officers are generally entitled to rely on the veracity of information supplied by the victim of a crime." *Peterson v. City of Plymouth*, 60 F.3d 469, 474-75 (8th Cir. 1995).

Here, Plaintiff alleges that Defendants interviewed the victims of his alleged crime, and then sought to arrest him. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff "left town to avoid" arrest, but later "turned himself in" to Defendants, who cited him for a crime, although he was not detained. Although the charges against him were later amended, and then dismissed, Plaintiff own allegations show that Defendants relied on the crime victims' statements which resulted in his arrest. There is no question that Defendants "reasonably believed" Plaintiff committed a crime, and they had probable cause to arrest him. As set forth above, such actions are not constitutional violations and Plaintiff has therefore failed to state a claim upon which relief may be granted. Moreover, since Plaintiff does not claim that he was actually arrested, but instead fled and later returned voluntarily to accept a citation from Defendants, there is no

constitutional violation raised in the Complaint.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice because it fails to state a claim upon which relief may be granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 29th day of September, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.